**FILED**

**MAY 3 0 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANNETTE L. CHANDLER, ) | |
| 2921 Christina Lynn Court ) | |
| Temple Hills, MD 20748 ) | |
| ) | |
| Plaintiff, ) | CASE NUMBER 1:06CV00999 |
| ) | |
| v. ) | JUDGE: Emmet G. Sullivan |
| ) | |
| MARTIN J. GRUENBERG, ) | DECK TYPE: Employment Discrimination |
| Acting Chairman, Federal Deposit ) | |
| Insurance Corporation ) | DATE STAMP: 05/30/2006 |
| 550 17th Street, NW ) | |
| Washington, DC 20429 ) | |
| ) | |
| Defendant. ) | |

**JURY ACTION**

### COMPLAINT
(Employment Discrimination and Reprisal)

#### Introduction

1. Plaintiff Annette L. Chandler brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-2 *et seq.*, and 42 U.S.C. § 1981a, to remedy acts of discrimination in employment practices and the creation of a hostile work environment by the Federal Deposit Insurance Corporation ("FDIC") based on her race (black) and her sex (female), and in retaliation against her for her prior EEO activity.

#### Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c), plaintiff having exhausted her administrative remedies by virtue of less than 90 days having passed since the issuance of FDIC's

February 27, 2006, final agency decision on her formal administrative EEO complaint, Agency No. FDICEO-050016, which was received by plaintiff's counsel on March 1, 2006.

### Venue

3. Venue is proper in the District of Columbia pursuant to 42 U.S.C. § 2000e-5(f)(3), in that the acts of discrimination complained of occurred in this judicial district.

### Parties

4. Plaintiff is a 46-year old, African-American female citizen of the United States and of the State of Maryland. She is currently an Audit Support Specialist, CG-301-11, formally employed by the FDIC's Office of Inspector General ("OIG").

5. Defendant Martin J. Gruenberg is the Acting Chairman of the Federal Deposit Insurance Corporation ("FDIC"), an independent government corporation within the Executive Branch of the Government of the United States which has had more than 500 employees in 20 or more calendar weeks in each of the last five years. It is managed by a five-member board of directors appointed by the President and confirmed by the Senate. As acting chairman of the FDIC, Mr. Gruenberg is the head of the FDIC and is officially responsible for the personnel actions, omissions and practices thereof. Thus, Mr. Gruenberg is here sued only in his official capacity as head of the FDIC.

### Statement of Facts

6. Plaintiff has been employed by the FDIC for twenty-nine years, having begun her federal service on February 25, 1977. When plaintiff began her federal career with the FDIC, she started as a grade 1 Clerk-Typist. She has an Associates Degree in Legal Support Science (*i.e.*, paralegal studies) from Southeastern University.

7. Plaintiff was appointed as an Investigative Specialist (Series 301) in 1992 and was promoted to a CG-11 in that position in 1994. She was the only Investigative Specialist in the OIG (although there are others in the FDIC -- *e.g.*, in the Legal Division, in the Division of Receivership and Resolution). Plaintiff's current job series, CG-301, goes to a CG-14 level on the career ladder at the FDIC. Plaintiff's work has always been superior and her managers have consistently recognized it as such.

8. In December 2004, plaintiff was issued a management-directed reassignment letter that removed her from her Investigative Specialist position and involuntarily reassigned her to an Audit Support Specialist position, CG-301-11, which was concurrently listed as a surplus position in the Office of Audits, OIG. Plaintiff was advised that if she declined the management-directed reassignment, she would be terminated.

9. In February 2005, plaintiff was notified that she was placed in the lowest performance contribution category, Group IV, for the 2005 Contribution-Based Compensation Program and that she would receive a 3.2% base pay increase. Plaintiff's performance and contributions to the FDIC warranted placement in Group I, which would have resulted in a 5.5% pay increase and a 2% lump-sum payment.

10. Since 1998, plaintiff has pursued affirmative efforts to obtain a promotion within the CG-301 job series at FDIC OIG and related assignment and pay considerations that have been provided to employees outside of her protected classes, as well as employees who have not filed administrative EEO complaints. However, her efforts have been frustrated by the FDIC OIG management, based on unlawful race and sex discrimination (as well as retaliation).

11. After the FDIC discriminated against her based on her race and sex, plaintiff filed

-3-

formal EEO complaints with the agency. As a consequence, she filed a series of administrative EEO complaints with the FDIC, which complaints have not been resolved, some being the subject of a civil action now pending in this Court (Civil Action No. 04-1879-EGS). As a result of engaging in this protected EEO activity, the FDIC took retaliatory actions against plaintiff, which have included actions taken as late as February 2005 (the incidents complained of herein) and beyond.

## Statement of Claims

12.    As a direct and proximate result of defendant's multiple violations of Title VII in having discriminated (based on sex and race and creating a hostile work environment) and retaliated (based on plaintiff engaging in ongoing EEO activity) against her, plaintiff has suffered and continues to suffer economic loss in the form of lost pay and other benefits of employment and damage to her career, as well as legal expenses. In addition, plaintiff has suffered and continues to suffer emotional and mental distress and personal and professional humiliation which has diminished her enjoyment of life and caused her additional pain and suffering.

## Prayer for Relief

Plaintiff requests that the Court enter judgment in her favor and against defendant and finding that:

(a)    plaintiff be reassigned to an Investigative Specialist position, CG-301-11, retroactive to December 8, 2004;

(b)    she be provided a performance-based award of a 5.5% pay increase and a 2% lump-sum payment in recognition for her contributions as part of the 2005 Contribution-Based Compensation Program;

(c) defendant be enjoined from any future acts of discrimination and/or retaliation against plaintiff;

(d) plaintiff be retroactively promoted to a CG-12 in her Investigative Specialist position effective June 30, 1998, to a CG-13 level effective July 31, 2000, and to a CG-14 level effective August 31, 2002;

(e) plaintiff be provided all within-grade pay increases and statutory pay increases, as well as awards and bonuses, to which she would have been entitled had she been rated superior since 1997;

(f) plaintiff be provided all back pay (with interest thereon), and all retroactive related benefits of employment due as a result of the retroactive promotions, pay increases, bonuses, and awards provided;

(g) defendant correct all its records, including plaintiff's official personnel folder ("OPF") to reflect the above-mentioned relief;

(h) plaintiff be awarded compensatory damages against defendant for unlawful discrimination and retaliation in the amount of $300,000.00 (plus interest thereon);

(i) plaintiff be awarded the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k); and

(j) plaintiff be awarded such other and further relief as the interests of justice may require.

**Jury Demand**

Plaintiff hereby requests a jury trial on all issues of fact and damages.

Respectfully submitted,

David H. Shapiro
D.C. Bar No. 961326
James E. Simpson
D.C. Bar # 482870
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300

Attorneys for Plaintiff