UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNETTE L. CHANDLER ) <br> 2921 Christina Lynn Court ) <br> Temple Hills, MD 20748 ) <br> ) <br> ) Civil Action No. 06-0999 (EGS) <br> Plaintiff ) (ECF) <br> v. ) <br> MARTIN GREUNBERG, Acting ) <br> Chairman, Federal Deposit Insurance ) <br> Corp. ) <br> 550 17th Street, N.W. ) <br> Washington, D.C.  20429 ) <br> Defendant. ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Martin Greuenberg, in his official capacity as Acting Chairman, Federal Deposit Insurance Corporation (FDIC or Agency), by and through its undersigned attorneys, answers Plaintiff's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Certain of Plaintiff's claims are barred as she failed to report her claims of discrimination in accordance with established employer policies and procedures and as the employer took prompt remedial measures after it had learned of the complaints.

### Third Defense

In response to the numbered paragraphs of the Amended Complaint, Defendant admits, denies or otherwise avers as follows:

Introduction

1. Paragraph One contains Plaintiff's characterization of her claims and her legal conclusions, to which no response is deemed to be required. To the extent that a response is deemed to be required, Defendant admits that the Agency is subject to certain provisions of Title VII of the Civil Rights Act of 1964, as amended, as set forth at 42 U.S.C. § 2000e-16, and denies the remaining allegations of this paragraph.

Jurisdiction

2. Paragraph Two contains Plaintiff's legal conclusions, to which no response is deemed to be required. To the extent that a response is deemed to be required, Defendant denies that she has exhausted each and every allegation contained in her Amended Complaint. The FAD was mailed on February 28, 2006. The return card is not dated. It was received by FDIC security on March 10, 2006 and by the Agency EEO Office on March 14, 2006.

Venue

3. Paragraph Three contains Plaintiff's legal conclusions, to which no response is deemed to be required. To the extent that a response is deemed to be required, Defendant admits that certain of the allegedly discriminatory decisions at issue in the Complaint were made in Washington D.C. and that Plaintiff's Official Personnel File is maintained by the FDIC Office of the Inspector General in Arlington, Virginia and Defendant denies the remainder of the allegations in this paragraph.

Parties

4. With regard to the allegations in Paragraph Four, sentence one contains Plaintiff's characterization of the parties to this action and conclusions of law, to which no response is

deemed to be required.  To the extent that a response is deemed to be required, Defendant admits that the Plaintiff is 45-years-old and an African American female.  Defendant also admits that Plaintiff is a citizen of the United States.  Further, Defendant admits that the Plaintiff's mailing address is in the state of Maryland and that Plaintiff is currently an Audit Support Specialist .

5.  With regard to the allegations in Paragraph Five, Defendant admits that at the time of the filing of Plaintiff's complaint Paragraph was accurate but also avers that on June 26, 2006, Sheila C. Bair was sworn in as the Chairman of the FDIC.

Statement of Facts

6. With regard to the allegations in sentence one of Paragraph Six, Defendant admits the first and second sentences.  Defendant is without sufficient knowledge to admit or deny the truthfulness of the remaining allegations.

7.  With regard to the allegations in sentence one of Paragraph Seven, Defendant admits the first sentence.  With regard to the remaining allegations, Defendant admits that Plaintiff was the only Investigative Specialist in the OIG during the time period in question but Defendant denies the parenthetical remark within the second sentence.  Defendant also denies the third sentence of Paragraph Seven and avers that 301 job series position does not go to a CG-14 level on the career ladder, but rather is a competitive process at the CG-14 level.  Defendant admits the last sentence within the paragraph.

8.  With regard to the allegations in sentence one of Paragraph Eight,  Defendant admits the allegations, except to deny that the Audit Support Specialist position, CG-301-11 is a

surplus position.

9.  With regard to the allegations in sentence one of Paragraph Nine, Defendant admits except, to deny that Group IV was the lowest contribution category. Defendant admits the description of the effect of being assigned to Group I in the sentence 2, but denies the remainder of Paragraph 9.

10.  Paragraph Ten contains Plaintiff's characterization of her claims and conclusions of law, to which no response is deemed to be required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph Ten.

11. Defendant admits that Plaintiff has filed EEO complaints that have not been resolved and some of which provide the basis for the case pending before the court. The remainder of Paragraph Eleven contains Plaintiff's characterization of her claims and conclusions of law, to which no response is deemed to be required. To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph Eleven.

12.  Paragraph Twelve contains Plaintiff's characterization of this action and conclusions of law, to which no response is deemed to be required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph Twelve.

<u>Prayer for Relief</u>

This portion of Plaintiff's Complaint contains a prayer for relief as to which no response is required. Insofar as a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint, however, if any

damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a.

## Jury Demand

This portion of Plaintiff's Amended Complaint contains his request for jury trial as to which no response is required. Defendant respectfully reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through discovery and further investigation.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Amended Complaint.

WHEREFORE, having fully answered, Defendant prays that this action be dismissed and that the Court grant such other and further relief as may be appropriate.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov