UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNETTE L. CHANDLER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHEILA C. BAIR, Chairwoman, )<br>Federal Deposit Insurance Corp., )<br>)<br>Defendant. )<br>) | C.A. Nos. 06-0999 & 04-1879 (EGS / AK) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

All Parties to this action hereby enter into the following Stipulation of Settlement and Dismissal. In order to resolve the matters in dispute in the above-styled actions and all other matters related to Plaintiff's employment without further litigation, expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation of Settlement and Dismissal in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in the above actions, as well as all other matters related to Plaintiff's employment with the Federal Deposit Insurance Corporation (FDIC). Plaintiff, in consideration of the actions Defendant agrees herein to take, knowingly and voluntarily agrees to accept the terms set forth herein in full satisfaction of any and all claims, demands, rights and causes of action of whatever kind and nature based upon her employment with the FDIC up to the date Plaintiff signs this

Stipulation of Settlement and Dismissal, including but not limited to the claims asserted in the above-styled actions.

In particular, and without limitation, this Stipulation of Settlement and Dismissal includes all possible claims for damages, backpay, front pay, loss of leave, loss of retirement and equitable relief by Plaintiff against Defendant prior to and including the date Plaintiff signs this Stipulation of Settlement and Dismissal. Further, and without limitation, this Stipulation of Settlement and Dismissal includes all possible claims for attorney's fees and costs that Plaintiff incurred or may incur in connection with this litigation and any other administrative proceeding involving the claims Plaintiff raised or could have raised in these actions.

Plaintiff withdraws, with prejudice, the above-styled complaints and all other pending, existing or putative causes of action, charges, complaints and appeals against Defendant in any forum, whether administrative or judicial. This Stipulation of Settlement and Dismissal constitutes the full, final and complete relief that Plaintiff may have for the conduct alleged in these actions.

Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to her employment with FDIC and the termination of her FDIC employment that are based in any way on action or inaction by Defendant or Defendant' past or present employees as of the date Plaintiff signs this Stipulation and Dismissal.

Plaintiff releases Defendant and FDIC's past and present employees, officers, agents and representatives concerning all matters related to her employment with Defendant up to and including the date Plaintiff signs this Stipulation of Settlement and Dismissal.

2. In consideration for the promises made herein, the Parties agree to take the following actions:

a) Plaintiff shall irrevocably agree to retire from the federal service, with a current annuity, effective August 31, 2007 under the FDIC's early retirement ("early-out") authority granted by the U.S. Office of Personnel Management ("OPM"), which authority Defendant shall utilize in order to permit Plaintiff to effectively retire with a current annuity on that date.

b) Plaintiff shall complete and sign an Application for Retirement and any other forms necessary to implement the terms of this Stipulation of Settlement and Dismissal within 30 days of receiving such forms from the FDIC's Office of Inspector General's Human Resources Office.

c) Defendant shall place Plaintiff on administrative leave, with full pay and benefits, for the period beginning January 17, 2007 through August 31, 2007. Plaintiff shall return to work on August 31, 2007 for the purpose of out-processing for her retirement.

d) Defendant shall utilize FDIC's "early out" authority from OPM in order to permit Plaintiff to effectively retire with a current annuity as of August 31, 2007.

e) Defendant shall promote Plaintiff to grade 12 retroactively, with full back pay and benefits, effective as of the start of pay period no. 14 in 2000 (i.e., July 2, 2000).

f) Defendant shall promote Plaintiff to grade 13 retroactively, with full back pay and benefits, effective as of the start of pay period no.14 in 2001 (i.e., July 15, 2001).

g) Defendant shall pay Plaintiff full back pay from pay period no. 14 in 2000, with interest thereon calculated at the rates for interest on back pay payments published by OPM.

h) Defendant shall ensure that the back pay and interest calculations include a ten percent (10%) increase in annual compensation for each of Plaintiff's two promotions required by sections 2(e) and 2(f) above.

i) In calculating back pay and interest, Defendant shall ensure that the annual pay raises for each year from 2001 through 2007 are calculated at the highest rate available to FDIC Corporate Grade (CG) pay system employees in each applicable year.

j) Defendant shall restore to and credit Plaintiff with 140 hours of annual leave and 80 hours of sick leave; further, Defendant shall void *ab initio* the absent without leave ("AWOL") charge for which Plaintiff was docked 3 hours of pay, and shall pay her for this time, at the appropriate pay rate hereunder.

k) Defendant shall change Plaintiff's job title to Investigative Specialist (with an appropriate change in job series) within 30 days of the date of the last signature on this Stipulation of Settlement and Dismissal.

l) Defendant shall remove any and all "adverse information"[1] from Plaintiff's Official Personnel Folder ("OPF") and insert appropriate official documentation (i.e., "SF 50s") to reflect the promotions and pay increases described herein.

m) Defendant shall pay Plaintiff the additional sum of $8,750 as a performance award.

n) Defendant shall pay Plaintiff the additional sum of $5,000 for her use in securing any training she, in her exclusive discretion, believes appropriate.

o) Defendant shall pay Plaintiff's reasonable attorneys' fees and related costs and expenses, as defined by Title VII fees provision (42 U.S.C. § 2000e-5(k)), in the amount of $84,158.00.

p) Defendant shall provide Plaintiff with a mutually acceptable signed letter of recommendation, in the form of the one attached hereto.

q) Except payments generated by the National Finance Center, which will be paid to the same bank account into which Plaintiff's pay is normally deposited, all payments to be made hereunder shall be made through her attorney, David H. Shapiro of the Washington, D.C. law firm of Swick & Shapiro, P.C., either by check or through an electronic transfer into his law firm's Trust Account; payments of back pay shall be accompanied by a statement of withholdings and deductions (e.g., for federal income tax, state income tax, retirement contributions, etc.).

---

[1] Adverse information has been agreed by the parties to consist of information regarding plaintiff being carried in an AWOL status and any disciplinary actions of whatever type or kind.

r) All payments to be provided to Plaintiff hereunder shall be delivered without undue delay and Defendant and her attorneys shall employ their best efforts to expedite the delivery of funds due Plaintiff.

3. Plaintiff acknowledges her duty to adhere to any applicable tax filing requirements and other obligations with regard to the proper payment of taxes.

4. This Stipulation of Settlement and Dismissal shall not constitute an admission of liability or fault on the part of Defendant or FDIC past or present agents, employees, representatives or officers, and Defendant expressly denies any and all liability and/or fault. The Parties enter into this stipulation solely for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5. Plaintiff acknowledges that she has read this entire Stipulation of Settlement and Dismissal and that she understands all of its terms and conditions. Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this Stipulation of Settlement and Dismissal to her and that Defendant has provided sufficient time for this purpose.

6. Pursuant to 29 U.S.C. § 626(f), the Plaintiff understands that by executing this Stipulation of Settlement and Dismissal, she is relinquishing any rights or claims which arose or could have arisen under 29 U.S.C. § 633a (the Age Discrimination in Employment Act) prior to the effective date of this ADEA waiver. Plaintiff does not waive rights or claims which may arise after this waiver is executed; she understands and agrees that she is waiving these rights and claims only in exchange for consideration in addition to anything of value which she is already entitled; she agrees that she is hereby being advised by the Agency in writing to consult with an

attorney prior to executing this Stipulation of Settlement and Dismissal; and she agrees that she has been provided a reasonable period of time of not less than twenty-one (21) days in which to consider this Stipulation of Settlement and Dismissal prior to executing it, to the extent that she has signed this Stipulation of Settlement and Dismissal prior to the expiration of twenty-one days (21), she has done so knowingly, freely and voluntarily. Plaintiff represents that she has read this Stipulation of Settlement and Dismissal and that she enters into this Stipulation of Settlement and Dismissal knowingly and voluntarily, with full understanding of its terms and conditions. Finally, the Plaintiff understands that she has a period of seven (7) days following the date on which she executes the Stipulation of Settlement and Dismissal to revoke the Stipulation of Settlement and Dismissal. Therefore, this Stipulation of Settlement and Dismissal shall not become effective or enforceable until the eighth (8th) day after the date upon which the Plaintiff signs it. Any revocation in order to be effective must be in writing and delivered within the seven-day revocation period to the Assistant United States Attorney Benton Peterson, or his successor, at his address of record: Office of the United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530.

7. Plaintiff acknowledges that she has entered into this Stipulation of Settlement and Dismissal knowingly and voluntarily and with the advice of counsel. Further, Plaintiff acknowledges that no one has imposed any undue hardship, duress or coercion in connection with the execution of this Stipulation of Settlement and Dismissal.

8. Defendant acknowledges and represents that she has the authority to take all actions pledged herein, including without limitation, to provide for Plaintiff's retirement from the federal service with a current annuity under a grant from OPM of "early out" authority.

9. The Parties agree that: the terms expressly recited herein represent the entire compromise settlement and that, except as set forth in paragraph no. 2 above, they shall each bear their own costs, expenses, and attorneys' fees; there are no terms or conditions to this Stipulation of Settlement and Dismissal except those expressly stated herein; this Stipulation of Settlement and Dismissal may not be altered, modified, withdrawn, waived, rescinded or supplemented except by a written instrument executed by duly authorized representatives of both Parties.

WHEREFORE, these actions are hereby dismissed, subject only to the Court retaining jurisdiction as necessary to enforce the terms of this Stipulation of Settlement and Dismissal.

_____
JEFFREY A. TAYLOR, BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, Bar #434122
Assistant United States Attorney

_____
BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

Attorneys for Defendant

DATE: March 7, 2007

_____
DAVID H. SHAPIRO
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
Tel. 202-842-0300

Attorney for Plaintiff

_____
ANNETTE L. CHANDLER
2921 Christina Lynn Court
Temple Hills, MD 20748
Plaintiff

DATE: March 1, 2007

It is so ORDERED by the Court this _____ day of _____, 2007.

_____
**UNITED STATES DISTRICT JUDGE**

**FDIC**

**Federal Deposit Insurance Corporation**
801 17th Street, N.W., Washington, D.C. 20434

Office of Inspector General

March 1, 2007

To Whom It May Concern:

Re: <u>Letter of Reference</u> – Ms. Annette L. Chandler

I have prepared this letter for Ms. Annette L. Chandler's use in securing employment after her retirement from Federal service – which she plans to do at the end of August 2007.

Ms. Chandler began her Federal career in February 1977, with the Federal Deposit Insurance Corporation in a clerical support position. In October of that year, she was permanently assigned to the Office of Corporate Audits and ultimately rose to the position of Secretary to the Deputy Director, Office of Corporate Audits in May 1984. In July 1986, Ms. Chandler became Secretary to the Director, Office of Corporate Audits and Internal Investigations. With the establishment of the Office of Inspector General (OIG), Ms. Chandler became Secretary to the Inspector General.

In October 1992, Ms. Chandler was reassigned to the position of Investigative Specialist in the OIG's Office of Investigations. In this capacity she supported the efforts of Special Agents by searching various databases to obtain information that could be crucial in conducting investigations and applying for search warrants. She also prepared investigative data, briefs and status reports for use by Office of Investigations management and monitored the Office's investigative information system to ensure that complete and accurate information was maintained on investigations. She also served on a detail to the Treasury Department's Financial Crimes Enforcement Network (FinCEN) where she performed valuable research for FinCEN as well as the FDIC's Legal Division and the OIG.

During her long tenure with the FDIC and the OIG, Ms. Chandler has been recognized on numerous occasions for her dedicated performance to the organization. She is an ambitious, hardworking and diligent employee who always did more than what was required or asked of her. Ms. Chandler's commitment to Federal service was noteworthy.

For additional information regarding Ms. Chandler's employment with the FDIC OIG, please contact Ms. Janet Welch at (703) 562-6303.

Sincerely,

Sara R. Gibson
Assistant Inspector General for
Investigations